UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.

D-2 Armando Antonio Villa Aguirre,

                Defendant.
_____/

Criminal No. 13-20156
HON. George Caram Steeh

## PRELIMINARY ORDER OF FORFEITURE

1. A Superseding Indictment (Indictment) was issued on October 2, 2013 charging Defendant ANTONIO ARMANDO VILLA AGUIRRE in Count One with Conspiracy to Possess with Intent to Distribute and Distribution of Controlled Substances (Cocaine) in violation of 21 U.S.C. §§ 846, 841(a), 84l(b)(l)(A)(ii)(II).

2. Defendant ANTONIO ARMANDO VILLA AGUIRRE entered into a Rule 11 Plea Agreement (Rule 11) in which he agreed to plead guilty to Count One of the Indictment.

3. As part of this agreement, Defendant ANTONIO ARMANDO VILLA AGUIRRE agreed, pursuant to 21 U.S.C. § 853, to forfeit his interest to the United States in the following:

(a) any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of violations of Title 21, United States Code, Section 841 and 846, as alleged in Count One of the Indictment;

(b) any property, real or personal, involved in the commission of violations of Title 21, United States Code, Section 841 and 846, as alleged in Count One of the Indictment; and/or

(c) a money judgment, and all traceable interest and proceeds which sum in aggregate is property representing the proceeds of the aforementioned offenses, or is traceable to such property, and/or is involved in violations of Title 21, United States Code, Section 841 and 846, as alleged in Count One of the Indictment (collectively, "Subject Property").

4. Defendant ANTONIO ARMANDO VILLA AGUIRRE agreed in his Rule 11 to the entry of a personal money judgment against him in favor of the United States in the amount of One Hundred Fifty Thousand Dollars ($150,000). Defendant agreed that this is the amount of money he will be ordered to pay under Fed. R. Crim. P. 32.2(b), and agreed that $150,000 constitutes, or was derived

from, the proceeds he obtained, directly or indirectly, from the crime charged in Count One of the Indictment and other such related conduct as described in the Rule 11 Plea Agreement in Section 1.C., "Factual Basis for Guilty Plea."

5.  Defendant ANTONIO ARMANDO VILLA AGUIRRE agreed that, pursuant to 21 U.S.C. § 853(p), if, by any act or omission of Defendant, the property subject to forfeiture cannot be located upon the exercise of due diligence; has been transferred, sold, or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, any of his other real or personal property, up to the value of such unavailable assets, would be forfeitable.

6.  Defendant ANTONIO ARMANDO VILLA AGUIRRE agreed to the entry of a Stipulated Preliminary Order of Forfeiture, at or after the time his guilty plea is entered, with regard to the forfeiture money judgment in the amount of $150,000 and as to any other property identified before sentencing that is subject to forfeiture pursuant to 21 U.S.C. § 853, as a result of violations of Title 21, United States Code, Section 846, as alleged in Count One of the Indictment.

7.  In entering into this Rule 11 agreement with respect to forfeiture, Defendant ANTONIO ARMANDO VILLA AGUIRRE expressly waived his right

to have a jury determine the forfeitability of his interest in the Subject Property as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

8.    In entering into this Rule 11 agreement with respect to forfeiture, Defendant ANTONIO ARMANDO VILLA AGUIRRE knowingly, voluntarily, and intelligently waived any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

9.    Defendant further waived the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  Defendant acknowledged that he understood that the forfeiture of assets is part of the sentence that may be imposed in this case and waived any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

10.    Federal Rules of Criminal Procedure 32.2(b)(2)(A) and (B) provide that the court must enter a preliminary order of forfeiture directing the forfeiture of specific property that it finds is subject to forfeiture sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications, before the

order becomes final as to the defendant under Rule 32.2(b)(4), unless doing so is impractical.

11. The court finds that defendant property has a sufficient nexus to the offense of conviction and is therefore subject to forfeiture to the United States.

NOW THEREFORE, based upon Defendant ANTONIO ARMANDO VILLA AGUIRRE's acknowledgment of criminal forfeiture proceedings against defendant property, Defendant's Rule 11 Plea Agreement and guilty plea, and the information in the record,

IT IS HEREBY ORDERED that a money judgment in the amount of $150,000 is hereby entered against Defendant ANTONIO ARMANDO VILLA AGUIRRE in favor of the United States of America;

IT IS FURTHER ORDERED that pursuant to Fed.R.Crim.P. 32.2(c)(1) and (c)(2) this Preliminary Order of Forfeiture shall become final as to the Defendant and all other persons upon entry and shall be made part of the sentence and included in the judgment, given that the forfeiture consists entirely of a money judgment and ancillary proceedings are not required.

The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## IT IS SO ORDERED.

                                                  **s/George Caram Steeh**

Dated: June 9, 2015                   HON. GEORGE CARAM STEEH
                                                  United States District Judge